# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# —BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| **MARIA FILOMENA LIZARDO,** Individually and as Representative of the Estate of **VICTOR CASIMIRO UVIEDO,** and as Next Friend of **VICTOR EDGAR UVIEDO LIZARDO,** a Minor, | § § § § § § § | |
| **FELIPE ARAQUE PENA,** Individually, **MILAGROS COROMOTO FALFAN ORTEGA,** Individually and as Next Friend of **YONDER ALEXIS ARAQUE SERRANO,** a Minor, **HENDERSON JOSE ARAQUE FALFAN,** a Minor, and **MILEIDYS ANDREINA ARAQUE FALFAN,** Plaintiffs, | § § § § § § § § § § | **CIVIL ACTION NO. B-04-187** |
| VS. | § § | |
| **FORD MOTOR COMPANY,** Defendant. | § § | |

## MEMORANDUM OPINION

Pending before the Court is Defendant's Motion to Dismiss for *Forum Non Conveniens* originally filed in the 103rd Judicial District Court of Cameron County, Texas. (Docket Nos. 1 & 5.) Also before the Court are Plaintiffs' responses to Defendant's Motion to Dismiss (Docket Nos. 7 & 12) and Defendant's Reply (Docket No. 15). After due consideration of the arguments and submissions of the parties, the Court is of the opinion that the Defendant's motion should be **GRANTED**. Therefore, this case is hereby **DISMISSED** under the doctrine of *forum non conveniens*.

This case involves a single vehicle accident that occurred in Venezuela in 2002. The vehicle in

question was a 1998 Ford Explorer which Plaintiffs claim suffered a sudden loss of control and rollover. As a result, the passenger of the vehicle, Victor Casimiro Uviedo, was fatally injured and the driver, Felipe Araque Pena, suffered bodily injuries. The plaintiffs are all Venezuelan citizens; so, too, are the victims of the accident.

This Court addressed almost identical issues in *Morales v. Ford Motor Co.*, 313 F.Supp.2d 672 (S.D. Tex. 2004). In fact, Plaintiffs' attorneys are from the same law firm as the one involved in *Morales* and they make the same arguments that were rejected by this Court in that lengthy opinion. Plaintiffs fail to bring to the Court's attention any new arguments or information that would affect this Court's analysis of any of the *forum non conveniens* factors.

That being the case, the Court will not discuss the law of *forum non conveniens* in detail. Suffice it to say, that once there is a determination that there exists an available and adequate alternative forum, the Court then reviews the prevailing private interest factors, which include: (1) ease of access to sources of proof, (2) availability of compulsory process for the attendance of the unwilling, (3) availability to view the accident site, and (4) other factors affecting the case, speed, expense of trial, and/or the enforceability of judgment. Finally, the Court can then consider public interest factors which include: (1) court congestion, (2) local interest in having controversies decided at home, (3) the interest in having a local forum which is familiar with the law that must control the case, (4) the duty to avoid unnecessary conflicts-of-law problems, and (5) the unfairness of burdening citizens with jury duty in a matter unrelated to the forum.

Like the parties in *Morales*, the parties in this matter do not dispute the adequacy of the Venezuelan courts despite some confusion over terminology. Rather, they dispute their availability.

Plaintiffs argue that because they are unwilling to submit their case to the Venezuelan judiciary, Venezuela is an unavailable forum. However, this Court already rejected such an argument in *Morales* and rules that because Defendant has expressly availed itself of the jurisdiction of the Venezuelan courts, Venezuela is an available forum.

Plaintiffs also argue that Venezuelan courts will decline to exercise jurisdiction over this matter under Article 40(2) of the Venezuelan Statute on Private International Law. The argument is that the "facts verifiable" support jurisdiction in the United States and not Venezuela because the action originates from acts undertaken and decisions made by Defendant in its corporate headquarters and testing facilities in the United States. This Court's inclusion of a return jurisdiction clause is sufficient to safeguard against a subsequent determination by the Venezuelan courts that the lack the jurisdiction to hear this case. *See Delgado v. Shell Oil Co.*, 890 F.Supp. 1324, 1356–57 (S.D.Tex. 1995).

The private factors in this case favor a trial in Venezuela.[1] These factors are almost identical to the ones discussed in *Morales*. The victims of the accident were Venezuelan citizens. The plaintiffs are all Venezuelan citizens. The accident took place in Venezuela. The vehicle in question was manufactured and sold in Venezuela. The accident investigation was conducted in Venezuela by Venezuelan officials. These and other Venezuelan witnesses cannot be compelled to testify in the United States. Plaintiffs allege that the evidence they want from the defendant is located in the United States. This is, no doubt, true but that evidence can easily be produced to Plaintiffs' counsel for use in

---

[1] The plaintiffs in this case make the same argument as the plaintiffs in *Morales* that the Treaty of Peace, Friendship, Navigation, and Commerce, Jan. 20, 1836, U.S.–Venez., art. 13, 8 Stat. 466, *available at* 1836 WL 3643, of which the United States and Venezuela are both signatories, entitles them to be treated as if they were United States citizens in this lawsuit. After a lengthy discussion, this Court in *Morales* declined to decide this issue because the private interest factors weighed heavily in favor of trial in Venezuela. Plaintiffs in this case fail to bring forth any information that would change the Court's decision regarding this issue in the present matter.

Venezuela.  Additionally, that factor is offset by the fact that the rest of the evidence is in Venezuela.  The public factors (except for court congestion) also favor the defendant's motion.[2]

Consequently, based upon binding Fifth Circuit authority and upon its own *forum non conveniens* analysis summarized above, this Court **GRANTS** Defendant's motion to dismiss under the following conditions:

1. Defendant shall submit to the jurisdiction of the appropriate Venezuelan court in which Plaintiffs have filed suit;

2. Defendant shall waive any statute of limitations or jurisdictional defenses that could be posed in the Venezuelan court;

3. Defendant shall make available in Venezuela all relevant documents and witnesses within their control;

4. Defendant shall bear any translation-related expenses concerning the testimony of its English-speaking witnesses at trial;

5. Defendant agrees to satisfy any Venezuelan judgment, subject only to whatever appellate rights it may enjoy in that forum; and

6. Defendant shall agree to the reassertion of jurisdiction by this Court in the event that it fails to satisfy any final judgment or in the event that the Venezuelan courts decline to assert jurisdiction over this matter.

Should Defendants fail to meet any of these conditions, this Court will re-assume jurisdiction over this case.  In keeping with the conditional nature of this order of dismissal, dismissal of the case from the

---

[2] It should also be noted that Plaintiffs have failed to establish any connection between the incident and the Southern District of Texas, much less the Brownsville Division.

-4-

Court's docket shall become effective once Defendant has tendered a written statement assenting to be bound by the foregoing conditions.  Should Defendant fail to do so within ten (10) business days of the entry of this order, its *forum non conveniens* motion will be considered waived and this case will proceed to trial in this Court.  It is further **ORDERED** that all other pending motions (Docket No. 4) are hereby **DENIED as moot**.

Signed in Brownsville, Texas, this 10th day of May, 2005.

_____
Andrew S. Hanen
United States District Judge
